GILBERT LITTLE v. W. N. RATLIFF.

(Decided March 27, 1900.)

*Conversion—Evidence—Receipt—Witness Competent—The Code, Sections 588, 589, 590.*

1. The widow of deceased vendor, who was present at the sale of a mule by her husband to plaintiff, is a competent witness under The Code.

2. A receipt written by her and signed in the name of her husband by his direction and in his presence, is competent evidence corroborative of her statement.

CIVIL ACTION for damages for the alleged conversion of a mule, tried before *Shaw, J.,* at April Term, 1899, of ANSON Superior Court, on appeal from Justice's Court.

The mule had belonged to Washington Ratliff, deceased. Both parties claimed under him.

The widow of Washington Ratliff, Mrs. Lydia E. Jones, (since remarried), testified, under objection from defendant, that she was present when her husband sold the mule, named "Bill," to plaintiff for $90; that he paid $80, which by direction of her husband she counted, and wrote a receipt for the money, and signed in his name. The receipt, dated October 2, 1896, was exhibited to her and recognized as the paper, and was read in evidence, over objection of defendant, as follows: "Received of Gilbert Little, eighty dollars on a note, on a mule known as 'Bill.'

"This October 2, 1896.　　　　　　WATT RATLIFF."

The defendant excepted to the whole evidence.

The defendant claimed under a subsequent purchase from his father, shortly before his death.

There was a verdict for the plaintiff with $40 damages.

Defendant appealed.

*Messrs. Bennett & Bennett,* for appellants.
*Mr. L. D. Robinson,* for appellee.

FURCHES, J.    This·is an action commenced before a Justice of the Peace for the wrongful conversion of a mule alleged to be worth $48.    The defendant denied that the plaintiff was the owner of the mule, and alleged that it was his.    Verdict for the plaintiff, and defendant appealed.

The plaintiff, for the purpose of proving title to the mule, among other witnesses offered Mrs. Lydia E. Jones, formerly the wife of Washington Ratliff, to prove that he bought the mule from Washington at the price of $90, and paid $80 in cash at the date of said purchase.    The witness testified that she was present when the plaintiff bought the mule from her then husband, Washington Ratliff.    That he was to pay $90 for the mule; that he paid $80, which she counted, at the request of her husband, and that her husband told her to write a receipt for the $80, which she did, and handed to the plaintiff, and he took the mule.    The receipt was produced by plaintiff, and witness recognized it as the receipt she wrote and had been speaking of.    The evidence was objected to by the defendant, and especially the receipt, but was held to be competent, and defendant excepted.

We do not see upon what ground the exception can be sustained.    Section 588 of The Code made the witness competent, had the action been between her husband and the defendant.    She was also competent under sec. 589 of The Code, and not excluded under sec. 590, as she was not a party to the action, and had no interest in the same.    The receipt itself would not have been original evidence, as it was not written or signed by the husband, Washington; but when she testified that she wrote it, at the request of her husband, in his presence and handed it to the plaintiff, we think it was at least corrob-

LITTLE *v.* RATLIFF.

orative evidence of what she had just sworn—that the plaintiff bought the mule and paid $80 in cash. The defendant seemed to think this made the witness the agent of the husband, and that she was incompetent on that account. But we are unable to see that she was the agent of the husband or that her evidence was incompetent if she had been.

. The defendant claimed that he bought the mule of Washington after the time plaintiff alleges he bought it, and that plaintiff was present when he bought—made no objection to the sale by Washington to him, and that plaintiff is estopped thereby from now claiming the mule. The plaintiff denied that he was present when defendant alleges he bought the mule, and this matter was fairly submitted to the jury, and they found for the plaintiff. The case on appeal states that the plaintiff tendered to defendant the $10 still due on the purchase of the mule, which defendant refused to take, and that the Court failed to charge the jury that the $10 was a lien, and that if they found for plaintiff that they should deduct the $10 from the value of the mule.

We see no error in this, as the jury must have found that the mule belonged to the plaintiff by reason of his purchase, which was prior to that of the defendant (if he purchased it), and, therefore, the plaintiff owed the defendant nothing. The $10 balance he owed on the mule belonged to the estate of Washington Ratliff, who died before the defendant took and converted the mule, and not to the defendant. Upon an examination of all the errors pointed out by the defendant's exceptions we find no error, and the judgment is

Affirmed.